■ EVELYN PRAY, Individually and as Committee of MARION PRAY, an Incompetent Person, Respondent, v. JOHN H. SCHULZE, JR., et al., Appellants. — Motion to dismiss appeal granted, with $10 costs, and appeal dismissed. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ MARY PRESS, as Administratrix of the Estate of MAX APPELBAUM, Deceased, Appellant, v. SAM APPELBAUM, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ OLGA ALEXANDER, Respondent, v. STEPHEN CAVAGNARO, Appellant, et al., Defendant.— Action against appellant, a contractor, and defendant, a landowner, to recover damages for personal injuries sustained when, in the darkness, respondent fell into an excavation made by appellant at the rear of defendant's store, where building alterations were in progress. The appeal is from a judgment entered on a jury verdict in favor of respondent against appellant. Judgment reversed on the law, with costs, and complaint dismissed. The implicit finding that respondent fell into the hole is affirmed. Respondent, having finished shopping in a supermarket adjoining defendant's store, left through the rear door of the supermarket and walked onto a parking lot. From there she proceeded across defendant's adjoining lot and fell into the excavation. The evidence fails to establish that the excavation was abutting, adjacent, and contiguous to a passage used by the general public. There is no evidence that the use of any well-defined path by respondent was causally connected with her injuries. The evidence establishes that respondent proceeded in the darkness without proper regard for her own safety. Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Whether there was a path used by the public past defendant's premises and whether the excavation was contiguous to the path, were submitted to the jury as questions of fact. In my opinion, there was sufficient evidence to sustain the finding of the jury in this connection. Contributory negligence was also, in my opinion, a question of fact.